UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

                              Plaintiff,

        v.

DAN DAVIS,

                              Defendant.

CASE NO. 3:26-CV-5098-JNW-DWC

REPORT AND RECOMMENDATION

Noting Date: **April 28, 2026**

This prisoner civil rights action has been referred to United Stats Magistrate Judge David W. Christel. Plaintiff Richard Roy Scott initiated this action on February 2, 2026, by filing a proposed complaint under 42 U.S.C. § 1983. Dkt. 1. Plaintiff alleges that the Special Commitment Center has failed to provide legal mail in a timely manner. *Id.*

At the time of filing, Plaintiff neither paid the required filing fee nor applied to proceed *in forma pauperis* ("IFP").[1] The Court then directed Plaintiff to pay the $405.00 filing fee on or

---

[1] Plaintiff may have attempted to pay the filing fee, but the check he submitted to the Court was an incorrect amount and was returned to Plaintiff.

REPORT AND RECOMMENDATION - 1

before April 3, 2026, and advised him that failure to do so would result in a recommendation of dismissal. Dkt. 2.

Plaintiff has not complied with the Court's directive. Plaintiff has neither paid the filing fee nor submitted a proper IFP application. The Court notes that Plaintiff may have attempted to submit payment at the outset of this action. *See* Dkt. 2 n.2. However, the check received was in an incorrect amount and was returned to Plaintiff, and no further attempts at payment have been received from him. Thus, Plaintiff has not satisfied his obligation to pay the full filing fee as directed by the Court.

Additionally, Plaintiff has previously been declared a vexatious litigant and is barred from proceeding IFP unless he demonstrates that he is under imminent danger of death or serious physical injury. *See Scott v. Weinberg, et al.*, C06-5172FDB (W.D. Wash. Mar. 26, 2007). The "imminent danger" exception is a narrow standard requiring a plausible allegation of ongoing or immediately impending serious harm. *See Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007). Plaintiff's allegations regarding delays in legal mail do not satisfy that standard. Accordingly, even if Plaintiff had submitted an IFP application, he would not be eligible to proceed without prepayment of the filing fee.

Because Plaintiff is ineligible to proceed IFP and has not complied with the Court's directive to pay the $405.00 filing fee, the undersigned recommend this action be dismissed without prejudice.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION - 2

motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 28, 2026**.

Dated this 6th day of April, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3